**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LINDY VALENZUELA AND JOHN
VALDES, on behalf of themselves and all
others similarly situated,

       Plaintiffs,

            Case No. 1:26-cv-01694-PLM-PJG

v.

            Hon. Paul L. Maloney

ALLIANCE CLOUD SERVICES, LLC,

            **ORAL ARGUMENT REQUESTED**

       Defendant.

**DEFENDANT ALLIANCE CLOUD SERVICES, LLC'S**
**BRIEF IN SUPPORT OF MOTION TO DISMISS COUNTS II & III**

1

**TABLE OF CONTENTS**

<strong><u>Page</u></strong>

I.    CONCISE STATEMENT IN SUPPORT OF MOTION................................................... 1

II.   RELEVANT BACKGROUND ......................................................................... 1

III.  LEGAL STANDARD.................................................................................. 2

IV.   ARGUMENT........................................................................................... 2

    A.    Plaintiffs' public nuisance claim (Count II) fails because the alleged harm is not "special" or "distinct" from the harm to the general public.......................... 3

    B.    Plaintiffs' negligence claim (Count III) fails because they lack any "present physical injury" to their properties. ........................................................ 5

V.    CONCLUSION.......................................................................................... 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adkins v. Thomas Solvent Co.*,
   487 N.W.2d 715 (Mich. 1992)............................................................................................4

*Ansell v. Delta Cnty. Plan. Comm'n*,
   957 N.W.2d 47 (Mich. Ct. App. 2020) ..............................................................................5

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)............................................................................................................2

*Banjerjee v. Univ. of Tenn.*,
   820 F. App'x 322 (6th Cir. 2020) ......................................................................................1

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)............................................................................................................2

*Crawford-Johnson v. Graphic Packaging Int'l, LLC*,
   No. 1:20-CV-842, 2023 WL 10424693 (W.D. Mich. July 7, 2023)...............................5, 6

*Henry v. Dow Chem Co*,
   701 N.W.2d 684 (Mich. 2005) .......................................................................................5, 6

*Holland v. State Farm Mut. Auto. Ins. Co*,
   No. 322438, 2015 WL 5311590 (Mich. Ct. App. Sept. 10, 2015)......................................4

*LeMons v. Home Depot USA, Inc.*,
   No. 19-CV-10504, 2020 WL 2104694 (E.D. Mich. May 1, 2020) .....................................3

*Morley v. Mich. Sugar Co.*,
   No. 354085, 2021 WL 5405867 (Mich. Ct. App. Nov. 18, 2021)....................................5, 6

*Phila. Indem. Ins. Co. v. Youth Alive, Inc.*,
   732 F.3d 645 (6th Cir. 2013) .............................................................................................2

*Towne v. Harr*,
   460 N.W.2d 596 (Mich. Ct. App. 1990) ....................................................................3, 4, 5

*Wilson v. Interlake Steel Co.*,
   649 P.2d 922 (Cal. 1982)....................................................................................................6

*Winchester v. Wal-Mart Stores Inc.*,
   No. 5:15–CV–00025–TBR, 2015 WL 3903673 (W.D. Ky. June 25, 2015) ........................1

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) ...................................................................................1, 2

## I.    CONCISE STATEMENT IN SUPPORT OF MOTION

Defendant Alliance Cloud Services, LLC ("Alliance") requests the Court dismiss Counts II and III of Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiffs have failed to plausibly allege any present physical injury to pursue a negligence claim or that they have otherwise suffered distinct harm to confer standing to pursue a public nuisance claim.[1]

## II.    RELEVANT BACKGROUND

Plaintiffs Lindy Valenzuela and John Valdes, individually and on behalf of a putative class, allege that Alliance's data services business, located at 415 E Prairie Ronde Street, Dowagiac, Michigan 49047 (the "Facility"), has "been and continues to" to emit "unreasonable and excessive noise" across "public and private land within the Class Area." ECF 1, PageID.1 ¶ 2, PageID.16 ¶ 88. Plaintiffs allege that the purported noise affects not just themselves but also a putative class of residents living within one mile of the Facility. *See id.*, PageID.9 ¶ 48, PageID.10 ¶ 56 (defining the putative class as "owner-occupants and renters of residential properties who live within the Class Area"). Plaintiffs further allege that their claims are in common with and typical of other members in the putative class. *Id.* PageID.11 ¶ 59, PageID.12 ¶¶ 60–63. And even beyond the putative class, Plaintiffs allege that the "general public is also impacted" by the alleged noise "when they work, study, worship, commute, shop, or engage in recreation" in the alleged "Class Area." *Id.* PageID.17 ¶ 94; *see also id.* PageID.9 ¶ 50 (alleging that "[m]embers of the public" all "have been harmed by the excessive noise emissions from the [Facility] into public spaces").

---

[1] The filing of a partial motion to dismiss tolls Alliance's time to file its answer to Plaintiffs' Complaint. *See Winchester v. Wal-Mart Stores Inc.*, No. 5:15–CV–00025–TBR, 2015 WL 3903673, at *3 (W.D. Ky. June 25, 2015) (adopting "the majority view" that a defendant does not need to file an answer while a partial motion to dismiss is pending); *Banerjee v. Univ. of Tenn.*, 820 F. App'x 322, 326 n.3 (6th Cir. 2020) (recognizing that filing of a partial motion to dismiss normally tolls the time within which a defendant must answer).

Plaintiffs seek money damages for diminution of property values and for interference with use and enjoyment of their properties. *Id.* PageID.18 ¶ 104, PageID.19 ¶ 107.

Based on these alleged harms, Plaintiffs filed their Complaint on May 26, 2026, pursuing three claims against Alliance: Private Nuisance (Count I), Public Nuisance (Count II), and Negligence (Count III). *See generally id.*

## III.    LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient allegations with respect to all necessary, material elements of a viable legal theory. *Phila. Indem. Ins. Co. v. Youth Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2013). A plaintiff's obligation "to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quotation omitted). A plaintiff must allege facts that cross the line between possible and plausible: "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). The court "need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Phil. Indem. Ins.*, 732 F.3d at 649 (quotation omitted). Plaintiffs' Public Nuisance and Negligence claims fail as a matter of law, as discussed below.

## IV.    ARGUMENT

Plaintiffs' claims all depend on the same core allegation that Alliance's Facility has purportedly "emitted, and continues to emit, unreasonable and excessive noise onto Plaintiffs' property, causing property damage through nuisance and negligence." ECF 1, PageID.1 ¶ 2. Those

allegations, however, are insufficient to support claims of public nuisance or negligence under Michigan law. Plaintiffs' public nuisance claim fails because the alleged harm underlying their claims is shared by what Plaintiffs' claim is a vast putative class and the general public. Further, Plaintiffs' negligence claim fails because the alleged harm of noise does not create a present physical injury to Plaintiffs' properties. Because Plaintiffs' Complaint lacks facts sufficient to plausibly allege claims of public nuisance or negligence, the Court should dismiss Counts II and III with prejudice.

### A.    Plaintiffs' public nuisance claim (Count II) fails because the alleged harm is not "special" or "distinct" from the harm to the general public.

The Court should dismiss Plaintiffs' public nuisance claim because it is deficient as a matter of law. Plaintiffs' allegations fail to plausibly establish they have suffered the kind of "special" and "distinct" harm necessary to grant them standing to pursue a public nuisance claim. Indeed, the Complaint itself states that the purported class members and the general public suffered from the exact same harm that Plaintiffs claim are typical of the general public—*i.e.*, the alleged harmful noises emitted by the Facility.

A public nuisance is one that unreasonably interferes with a right common to all members of the general public. *Towne v. Harr*, 460 N.W.2d 596, 597 (Mich. Ct. App. 1990); *LeMons v. Home Depot USA, Inc.*, No. 19-CV-10504, 2020 WL 2104694, at *5 (E.D. Mich. May 1, 2020). For example, Michigan recognizes several categories of harm that may constitute a public nuisance, including actions "that 'harm the public health,' 'create an interference in the use of a way of travel,' or 'prevent the public from the peaceful use of their land and the public streets.'" *LeMons*, 2020 WL 2104694, at *5 (quoting *Garfield Twp. v. Young*, 82 N.W.2d 876, 879 (Mich. 1957)). Generally, Michigan law does not give individuals a private right of action to abate a public nuisance; instead, the public nuisance must be abated by the appropriate public officer.

3

*Towne*, 460 N.W.2d at 597. The only exception is when an individual plaintiff can show "damages of a special character distinct and different from the injury suffered by the public generally." *Id.*; *accord Adkins v. Thomas Solvent Co.*, 487 N.W.2d 715, 721 n.11 (Mich. 1992) (explaining that an individual claim of public nuisance requires "harm of a kind different from that suffered by other members of the general public exercising the right common to the general public that was the subject of interference"); *Holland v. State Farm Mut. Auto. Ins. Co.*, No. 322438, 2015 WL 5311590, at *9 (Mich. Ct. App. Sept. 10, 2015) (affirming summary disposition of plaintiff's public nuisance claim because, without any "harm that is different from the type of harm that the general public would have suffered," he "[did] not have standing to raise a public nuisance action against defendant").

Here, Plaintiffs do not allege facts establishing any special or distinct harm different from the community at large. To the contrary, Plaintiffs specifically allege that their claims are "common" with and "typical" of an expansive class of residents within a mile of the Facility. ECF 1, PageID 11 ¶ 59, PageID 12 ¶¶ 60–63. And even beyond the putative class members, Plaintiffs' allegations make clear that the general public is being similarly harmed by the alleged nuisance. *Id.* PageID.9 ¶ 50 (alleging that "[m]embers of the public" all "have been harmed by the excessive noise emissions from the [Facility] into public spaces"). Although Plaintiffs make the conclusory allegation that members of the public residing outside the Class Area "have not suffered damages in the form of diminished property values and/or loss of use and enjoyment of their property," *id.*, their claims rest on the same purported interference (noise) affecting the general public's use of public or private spaces. *Compare id.* PageID.14 ¶ 75 (alleging that excessive noise "substantially and unreasonably interferes with Plaintiffs' and Class's enjoyment of life and ability to use and enjoy their properties"), *with id.* PageID.9 ¶ 50 (alleging "[m]embers of the public . . . have been

4

harmed by the excessive noise emissions from the [Facility] into public spaces"). This is precisely the kind of redundant public nuisance allegation this Court has previously dismissed as deficient under Michigan law. *See Crawford-Johnson v. Graphic Packaging Int'l, LLC*, No. 1:20-CV-842, 2023 WL 10424693, at *4 (W.D. Mich. July 7, 2023) (dismissing near-identical odor nuisance claims because the alleged "continued interference with [plaintiffs'] use and enjoyment of their property, deprivation of the full value of their property, and decreased property values" were not "special and distinct as required for a public nuisance claim" when the public was also alleged to be generally harmed by the odors).

Because Plaintiffs have not alleged special damages resulting from the purported nuisance, Plaintiffs have wholly "fail[ed] to distinguish themselves in this regard from . . . the complaints . . . that any member of the community might assert." *Ansell v. Delta Cnty. Plan. Comm'n*, 957 N.W.2d 47, 52 (Mich. Ct. App. 2020) (quotation omitted). Plaintiffs thus lack standing under Michigan law to pursue their individual public nuisance claims. *Towne*, 460 N.W.2d at 598.

### B.      Plaintiffs' negligence claim (Count III) fails because they lack any "present physical injury" to their properties.

Plaintiffs claim that, due to purported negligent operations of the Facility, Alliance is liable to them and the putative class for "property damages in the form of loss of use and enjoyment and the diminution of property values." ECF 1, PageID.19 ¶ 107–08. But the financial injuries Plaintiffs allege in their Complaint fall short of the kind of physical injury Michigan law requires to sustain a claim of negligence.

A viable negligence claim requires Plaintiffs to plausibly allege "(1) that defendant owed them a duty of care, (2) that defendant breached that duty, (3) that plaintiffs were injured, and (4) that defendant's breach caused plaintiffs' injuries." *Henry v. Dow Chem Co*, 701 N.W.2d 684, 688 (Mich. 2005) (*Henry I*). To satisfy the "injury" element of negligence, however, Michigan law

5

requires Plaintiffs allege they have sustained a "present physical injury." *Id.* at 690–91; *Morley v. Mich. Sugar Co.*, No. 354085, 2021 WL 5405867, at *6 (Mich. Ct. App. Nov. 18, 2021). "A financial 'injury,'" such as loss of property value, "is simply not a present physical injury, and thus not cognizable under" a negligence theory. *Henry I*, 701 N.W.2d at 691; *accord Morley*, 2021 WL 5405867, at *6 ("[A] present financial injury—such as loss of property value—without an accompanying physical injury cannot sustain a negligence claim.").

Here, Plaintiffs do not allege any present injury *other than* their purported financial loss of property value. *Cf. Morley*, 2021 WL 5405867, at *6 (affirming dismissal of negligence claim because it was insufficient for plaintiffs to allege odors interfered with their "right to use and enjoy their property" without any allegation "that they or their property have been physically injured or altered by the noxious odors"). This is not the case where Plaintiffs' homes have been physically contaminated or altered by sound emissions. *Cf. id.* at *7 (explaining that the permissible negligence claims in *Henry* were based on "direct contamination and restrictions on the use of [plaintiffs'] property," and that the mere "loss of thus use of enjoyment of [] property" cannot sustain a negligence claim); *Crawford-Johnson*, 2023 WL 10424693, at *3 (denying dismissal of negligence claims where plaintiffs alleged that "hazardous pollutants" in the form of "noxious odors" and particulate matter had physically invaded their homes). Instead, the noise described by Plaintiffs impacts their use of property and, at most, reflects an example of alleged "transitory conditions" that "sound in private nuisance, not negligence," according to Michigan law. *Morley*, 2021 WL 5405867, at *7 (holding that "alleged noxious odors" emitting from a sugar mill "amount[ed] to a transitory condition" that had not "physically damaged [plaintiffs'] property"); *cf. Wilson v. Interlake Steel Co.*, 649 P.2d 922, 924 (Cal. 1982) (holding plaintiff failed to meet

6

the physical injury requirement on their trespass claim because noise, while causing "discomfort and annoyance" does not cause any physical damage to the property).

Because Plaintiffs do not plausibly allege present physical injuries to their properties in addition to their purported financial harms, the Court should dismiss Plaintiffs' negligence claims, with prejudice.

## V.    CONCLUSION

For the foregoing reasons, Defendant Alliance Cloud Services requests that the Court dismiss Counts II and III of Plaintiffs' Complaint, with prejudice, and grant Defendant such further and other relief as may be just under the circumstances.

Dated: July 24, 2026                                   BARNES & THORNBURG LLP

*/s/ Charles M. Denton*
Charles M. Denton (P33269)
Scott R. Murphy (P68015)
Scott M. Watson (P70185)
171 Monroe Avenue, NW, Suite 1000
Grand Rapids, MI 49503
(616) 742-3930
cdenton@btlaw.com
smurphy@btlaw.com
swatson@btlaw.com

Sarah E. Brown
201 S. Main St., Suite 400
South Bend, IN 46601
(574) 233-1171
sarah.brown@btlaw.com

*Attorneys for Defendant Alliance Cloud Services, LLC*

7